UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

_____

**WISCONSIN SHEET METAL WORKERS HEALTH
AND BENEFIT FUND, MILWAUKEE AREA SHEET
METAL JOURNEYMEN AND APPRENTICESHIP
TRAINING FUND, PATRICK LANDGRAF
(in his capacity as Trustee), and SHEETMETAL
WORKERS LOCAL 18**

        **Plaintiffs,**

 v.                                                      **Case No.** 18-CV-272

**ZIEN SERVICE, INC.,**

        **Defendant.**

_____

## COMPLAINT
_____

**NOW COME** the plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Yingtao Ho, and as and for a cause of action against the defendants, allege to the Court the following:

### Jurisdiction and Venue

1. Jurisdiction of this Court upon defendant Zien Service Inc. (hereinafter referred to as "Pro Serv") is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. § 1132) and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended (29 U.S.C. § 185(a)), in that the plaintiffs are aggrieved by said defendant's violation of a collective bargaining agreement, trust plans and trust agreements, and said defendant's continued refusal to submit contributions in accordance with the terms of those plans and agreements,

thereby violating provisions of ERISA, the Multi-Employer Pension Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, LMRA § 301 and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) in that Pro Serv is engaged in business with its principal place of business, located in Milwaukee County, Wisconsin.

## Parties

3. Plaintiffs Wisconsin Sheet Metal Workers Health and Benefit Fund and Milwaukee Area Sheet Metal Journeymen and Apprenticeship Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (2), (3), and (37), 502, and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 1002(1), (2), (3), and (37), 1132, and 1145), and bring this action on behalf of the trustees, participants, and beneficiaries of said Plans. Said Plans maintain offices at 2201 Springdale Road, Waukesha, Wisconsin 53186.

4. Plaintiff Patrick Landgraf is a Trustee and fiduciary of the Wisconsin Sheet Metal Workers Health and Benefit Fund, as well as a participant and beneficiary within the meaning of ERISA (29 U.S.C. § 1002, et seq.) and as such has standing to be a plaintiff in this action and to seek the remedies prayed for. Patrick Landgraf maintains an office at 2201 Springdale Road, Waukesha, Wisconsin 53186.

5. Plaintiff Sheetmetal Workers International Association Local #18 is a labor organization within the meaning of 29 U.S.C. § 158, et seq. Said labor organization maintains offices at the same address as the Plans.

6. Defendant Zien Service is a domestic company engaged in business, with principal offices located at 2303 West Mill Road in Glendale, Wisconsin. Its registered agent for service of process is Barbara Barson, who has the same address as its principal offices.

**Facts**

7. For all times relevant, Zien Service was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between it and Local 18

8. The Labor Agreements required Zien Service to provide to all journeymen and apprentices of Zien Service, who performed for Zien Service any work treated by the Labor Agreements as covered work, the wages and working conditions provided by said Labor Agreements.

9. Under the Labor Agreements all employees who do not fall within another enumerated category defined by the Labor Agreements constitute journeymen, provided that they performed for Zien Service any work treated by the Labor Agreements as covered work.

10. The Labor Agreements required Zien Service to contribute to the Plaintiff Training Fund contributions for each hour worked by journeymen and apprentices, and a lower rate for each hour worked by other categories of employees enumerated under the Labor Agreements.

11. The Labor Agreements required Zien Service to contribute to Plaintiff Health Fund contributions for each hour worked by journeymen and other categories of employees enumerated under the Labor Agreements, as well as a lower rate for each

hour worked by apprentices and trainees.

12. The Labor Agreements required Zien Service to deduct from the wages of its employees working dues, and to forward those working dues to Local 18, provided that the checkoff of dues was properly authorized in writing by the employee.

13. Zien Service has failed to remit to the Plaintiffs, for hours worked by journeymen, apprentices, and other employees covered by said Labor Agreements, contributions to the Plaintiffs Health Fund and Training Fund.

14. Upon information and belief journeymen and apprentices for whose hours worked Zien Service has failed to remit contributions to the Plaintiffs include persons identified by Zien Service as Laborers, Steamfitters, and Plumbers.

15. Upon information and belief Zien Service failed to remit deducted contributions to Local 18 for hours worked by Dennis Wyhoski in January of 2017, and by Taylor Bloomfield in March of 2017, after those employees had executed dues checkoff authorizations authorizing Zien Service to deduct and forward to Local 18 working dues for them.

16. The collective bargaining agreements and trust agreements to which Zien Service is bound requires it to pay to Local 18, in addition to unpaid contributions, interest at 18 percent per year and liquidated damages of 20 percent, for all contributions that it failed to timely remit to the Plaintiffs.

### Claim One Against Defendant Zien Service
### Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132 and 1145)

17. As and for a first claim for relief against Zien Service, the plaintiffs reallege each and every allegation contained in paragraphs 1 through 16 above and incorporate the same as though fully set forth herein word for word.

18. By failing to timely remit contributions to the Plaintiff Funds for hours worked by journeymen and apprentices covered by the Labor Agreements, Zien Service has violated said collective bargaining agreements.

19. The Plaintiff Funds, as third party beneficiaries of said Labor Agreements, are entitled pursuant to 29 U.S.C. §1132 and §1145 to file suit to collect all unpaid contributions owed to them; plus all interest and liquidated damages that they are authorized by said labor agreements and incorporated trust agreements to collect.

20. The Plaintiff Funds are additionally entitled to recover all costs incurred in bringing this action, along with market value attorneys' fees for attorney time reasonably expended to bring this action.

### Claim Two Against Zien Service: Violation of 29 U.S.C. §185

21. As and for a second claim for relief against Zien Service, the plaintiffs reallege each and every allegation contained in paragraphs 1 through 20 above and incorporate the same as though fully set forth herein word for word.

22. By failing to remit contributions to the Plaintiff Funds for hours worked by journeymen and apprentices covered by the Labor Agreements, Zien Service has violated said collective bargaining agreements.

23. By failing to forward to Local 18 contributions that it deducted from the compensation of its employees who had already executed dues checkoff authorizations, Zien Service has further violated said collective bargaining agreements.

24. The Plaintiffs are entitled to recover against Zien Services all contributions and working dues that they would have received, but for Zien Service's breach of the collective bargaining agreements.

WHEREFORE, the Plaintiffs respectfully request that the Court enter an order that:

1. Finds that Zien Services violated ERISA by failing to remit to the Plaintiffs contributions required by applicable collective bargaining agreements and trust agreements;

2. Finds that Zien Services violated 29 U.S.C. §185 by failing to remit to the Plaintiffs contributions and working dues, as required by applicable collective bargaining agreements;

3. Awards to the Plaintiffs, in addition to all owed contributions and working dues, the full amount of interest, liquidated damages, and attorneys' fees and costs authorized by applicable contracts and the law.

Dated this 21st day of February, 2018.

/s/Yingtao Ho
Yingtao Ho (SBN: 1045418)
The Previant Law Firm, S.C.
310 W. Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: yh@previant.com

Attorneys for Plaintiffs